**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Celcio Javier PEREZ–VILLANUEVA,**
**Defendant–Appellant.**

**No. 09–50457.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2010.

Filed Aug. 27, 2010.

George Manahan, Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven L. Barth, Esquire, Supervisory, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, WARDLAW, Circuit Judge, and SINGLETON, Senior District Judge.*

MEMORANDUM **

Celcio Javier Perez–Villanueva appeals from his conviction for reentering the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provid-

United States after a prior removal, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The motion to suppress was properly denied because, unlike the administrative rights given in *United States v. San Juan–Cruz,* 314 F.3d 384, 389 (9th Cir.2002), Perez's consular rights, given to him before he was read his *Miranda* rights, did not contradict or undermine the *Miranda* rights.

The record demonstrates that Perez's *Miranda* waiver was voluntary, knowing, and intelligent. The Border Patrol Agent explained the significance of the *Miranda* rights to Perez, and clarified that "[b]efore we ask you any questions you need to understand your rights." Perez never indicated any confusion or uncertainty. Moreover, Perez signed a written waiver, was read his rights in Spanish, his native language, and had prior experience with the American criminal justice system. *See United States v. Gamez,* 301 F.3d 1138, 1144 (9th Cir.2002). Thus Perez's will was not "overborne by the circumstances surrounding the giving of a confession." *Dickerson v. United States,* 530 U.S. 428, 434, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000) (internal quotation mark omitted).

Perez concedes that his contention that the district court erred in denying his motion to dismiss the indictment is foreclosed by *United States v. Hernandez–Vermudez,* 356 F.3d 1011 (9th Cir.2004).

AFFIRMED.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.